### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**SILVIO OMAR HERNANDEZ-CUEVAS,**
**A# 023-628-591,**

    Petitioner,

vs.                                                                  Case No. 4:18cv13-WS/CAS

**JEFF SESSIONS, et al.,**

    Respondents.

_____/

### REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, initiated this case by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 8, 2018. ECF No. 1. Petitioner simultaneously paid the filing fee for this case, ECF No. 2, and the petition has been reviewed.

Petitioner's listing of Respondents suggests that this case challenges his detention by United States Immigration and Customs Enforcement (ICE). ECF No. 1 at 1. However, the factual allegations of the petition reveal Petitioner is seeking to challenge his 2013 state conviction. *Id.* at 2-3. Petitioner claims actual innocence to the crime, *id.* at 3, and contends

that trial proceeded over his objection that the parties were "ready." *Id.* at 3-4. Petitioner contends that he presented his claims to the Board of Immigration Appeals who denied him relief, ruling that "collateral attacks to state court convictions underlying deportation are prohibited." *Id.* at 5-6; *see also* ECF No. 1 at 11-12. The only relief Petitioner requests in the instant petition is to vacate his criminal conviction "and render the judgment void on its face." *Id.* at 6.

Petitioner has not demonstrated that he is "in custody," nor does it appear that Petitioner is located within the Northern District of Florida. Petitioner's signature block, ECF No. 1 at 8, and the return address provided on Petitioner's mailing envelope, *id.* at 74, reveal Petitioner is located in Austin, Texas. Petitioner appears to have already served his sentence and he is no longer incarcerated. Moreover, Petitioner has not shown that he is currently held in ICE custody either.

"A district court may entertain a habeas corpus petition only if a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" Llovera-Linares v. Florida, 559 F. App'x 949, 951 (11th Cir. 2014) (quoting 28 U.S.C. §§ 2241(c)(3), 2254(a)). "This 'in custody' requirement is jurisdictional." Llovera-Linares, 559 F. App'x at 951 (relying on Stacey v. Warden, Apalachee Corr. Inst., 854 F.2d 401, 403 (11th Cir.

1988)).  "To satisfy the 'in custody' requirement, 'the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed.'"  Maleng v. Cook, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989) (quoted in Llovera-Linares, 559 F. App'x at 951).  Pursuant to Rumsfeld v. Padilla, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004), when a "§ 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  Padilla, 542 U.S. at 447, 124 S.Ct. at 2724.  This petition should be dismissed for lack of jurisdiction because Petitioner is neither in custody, nor located within the Northern District of Florida.

In light of the foregoing, it is respectfully **RECOMMENDED** that this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on January 16, 2018.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.